UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON C. FOLLINGS, AA7004,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>Respondent. | Case No. 22-cv-03785-CRB (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 2 & 7) |

Petitioner, a state prisoner currently incarcerated at Mule Creek State Prison (MCSP),[1] has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. ECF No. 6. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. ECF Nos. 2 & 7.

## BACKGROUND

Petitioner was convicted by a jury of the first-degree murder of Daniel Del Toro and of being a felon in possession of a firearm. The jury also found true several enhancement and special allegations, including that the crime was committed for the benefit of a criminal street gang and that Del Toro had been intentionally killed because he was a witness to a crime. On June 6, 2019, the trial court sentenced petitioner to 75 years to life in state prison.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on March 23, 2022 denied review of a petition allegedly raising the claims raised here.

---

[1] The clerk is instructed to update petitioner's mailing address to Brandon C. Follings, AA7004, MCSP, P.O. Box 409099, Ione, CA, 95640, and to substitute in as respondent in this action MCSP's warden, Patrick Covello.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including that the trial court violated his due process right to a fair trial by refusing to sever his case from that of his codefendant, Pablo Mendoza, and that there is insufficient evidence to support the first-degree murder conviction and the gang enhancement finding. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF Nos. 2 & 7) is GRANTED.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: October 27, 2022

_____
CHARLES R. BREYER
United States District Judge